## KATZMAN CONSTRUCTION CO v SCHMEDLEY

Ohio Appeals, 7th Dist, Montgomery Co
Decided October 25, 1929

A. H. Henderson, Youngstown, for Constr Co.

P. J. Melillo, Youngstown, for Schmedley.

**ROBERTS, J.**

No useful end would be subserved to attempt to detail the facts involved in this accident. No doubt the plaintiff below received considerable injury. There were no objective conditions observable aside from some swelling of the ankle and sev-

eral skin abrasions different places upon her right leg and back and the back of her head. The X-ray examination was negative; that is, it does not disclose any fracture of the bone. The plaintiff below was taken to a hospital, was there for some time and returned home. She was a waitress, earning, as she testified, about $12.50 per week in wages and a like amount in tips. Subsequently she worked several places for practically the same wages, but claims that her physical condition was such that she was not able to endure the hardship of the work and was compelled to quit. She complains of physical weakness and dizziness, and loss of weight. She testifies that she lost following the accident some twenty pounds in weight but at the time of the trial had regained ten pounds and was still gaining. Concerning her symptoms, Dr. Boxton, called in her behalf, said, speaking as to their permanency particularly:

> "I would rather state that they are indefinite rather than to say that they are permanent. Some of the injuries, some of the injury, rather, may or may not be permanent, especially what I am referring to is the injury to the head.
>
> I think it is rather difficult to estimate. Sometimes these things clear up in a short while, a very short while, and then again we may have symptoms over and over again, or for quite long, I may say an indefinite period."

It is clearly evident from the testimony of her doctor that he was depending for his opinion concerning the condition of his patient upon what she told him, and that objective symptons were not apparent. Dr. Mossman was called by the defendant in error. He made three examinations, two during the period intervening between the accident and the trial, and one at the time of the trial. At that time he testified that he was unable to discover any indication of injury or disability. The medical testimony further tends to indicate that this young lady was in a somewhat morbid, despondent mental condition, which perhaps affected her physical condition, and that this was very likely caused, in part at least, by the pendency of this litigation. After going over the testimony quite carefully concerning her injuries, and taking into consideration the instructions of the court to the jury, where it was said, in effect, in considering future inability or injury, that such consideration should include only such injury or disability as is reasonably certain to exist in the future. Considering these things and the amount of the verdict, we are inclined to think that the jury was not authorized in finding a very considerable amount by reason of future conditions, remembering further the testimony of her disability previous to the trial, the extent of the injuries, the size of the verdict, we are inclined to believe that the jury must have paid particular regard and recognized largely by its verdict future disability, which we do not believe that the evidence justifies recognition by the jury to a considerable extent.

The case was fairly and exhaustively tried. No fault is found with the trial, and while we do not say that the verdict was the result of passion and prejudice, yet we do believe that it was grossly excessive, and for that reason we reverse this case unless the defendant in error will accept a remittitur of $3500.00, reducing the judgment to $4,000.

Pollock and Farr, JJ., concur.